**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EDUARDO RODRIGUEZ, and OTHERS SIMILARLY SITUATED. | § § § § § | CASE NO. |
| *PLAINTIFFS*, | § § § | |
| V. | § § | COLLECTIVE ACTION |
| HTL ENTERPRISES, INC., dba WINGSTOP INC., and HUNG VAN, Individually | § § § | JURY DEMANDED |
| *DEFENDANTS*. | § | |

**COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. HTL Enterprises, Inc. d/b/a Wingstop Inc. (Wingstop) failed to pay Eduardo Rodriguez (Rodriguez), and other workers like him, overtime as required by the Fair Labor Standards Act of 1938 (FLSA).

2. Instead, Wingstop paid Rodriguez, and other workers like him the same hourly rate for all hours worked, including many hours in excess of 40 in a workweek.

3. Wingstop also failed to pay Rodriguez, and other workers like him for hours worked, including overtime hours, in a work week.

4. Rodriguez brings this collective action to recover unpaid time, unpaid overtime and other damages.

1

## JURISTICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § and 29 U.S.C. § 216(b).

6. All parties are subject to personal jurisdiction in the Southern District of Texas, Houston Division.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events and omissions giving rise to lawsuit occurred in this District and Division.

8. Wingstop maintains several locations in this District.

9. Wingstop has its Corporate address in this District and Division.

10. Further, Rodriguez is a resident of this District and Division.

## PARTIES

11. Rodriguez, is an hourly employee of Wingstop. Rodriguez's written consent is attached as Exhibit A.

12. HTL Enterprises, Inc, dba Wingstop is a Texas corporation.

13. Wingstop can be served with process via its registered agent: Hung Van, at 10102 Paint Brush Lane, Sugar Land, Texas 77478.

14. Hung Van, is a resident of Houston, and can be served at 10102 Paint Brush Lane, Sugar Land, Texas 77478.

## THE FACTS

15. Wingstop is a restaurant chain operating in the State of Texas and across the country. *See*https://wingstop.ololite.com.

16. Wingstop has over 50 employees.

17. Wingstop's gross revenues have exceeded $2,000,000 a year in each of the past 3 years.

18. Wingstop is a "covered enterprise" subject to the requirements of the FLSA.

19. Wingstop's employees routinely uses, handles, sells, or works on/and or with, cleaning supplies, food, cooking appliances, and dishes that were produced for interstate commerce or actually traveled in interstate commerce.

20. Rodriguez is an hourly employee of Wingstop.

21. Rodriguez was hired around July of 2009.

22. Wingstop assigns Rodriguez his work hours, lunch breaks, and time off.

23. Rodriguez is still employed by Wingstop as a cook.

24. Since Rodriguez's employment began, Wingstop has paid Rodriguez by the hour.

25. Rodriguez often is required to work more than 50 hours in a single week.

26. Although Wingstop knew Rodriguez worked far in excess of 40 hours in a workweek, Wingstop failed to pay him overtime for all overtime hours worked as required by Federal law.

27. Since Rodriguez began working for Wingstop, Rodriguez worked an average of 60 hours per week, but was not paid for all his actual hours worked.

28. Rodriguez' pay checks routinely reflect less hours worked than the Wingstop timesheets.

29. Wingstop originally paid Rodriguez $10.25 per hour.

30. For hours worked in excess of 40 in a workweek, Rodriguez received $15.38 for a portion of overtime hours worked and $0.00 for the remainder of overtime hours worked.

31. Rodriguez was not paid for all overtime hours worked.

32. Hung Van received employees' timesheets via email from Wingstop's, manager.

33. Hung Van manipulates timesheets by reducing employees' hours before reporting employees' hours to payroll.

34. Prior to his hours being reduced, Rodriguez was reporting 60 hours a week.

35. Despite knowing he was regularly working 60 plus hours a week, Wingstop never paid Rodriguez for all hours worked.

36. Instead, Wingstop routinely reduced employees weekly hours worked before turning it in to payroll.

37. Thus, rather than paying Rodriguez and employees like him for all overtime worked as required by FLSA, Wingstop paid Rodriguez for some of the overtime hours worked and simply did not report all hours to payroll.

38. Thus, this payment scheme violates the FLSA.

39. Throughout Rodriguez's employment, Wingstop maintained records of the hours Rodriguez, and the other employees like him, worked.

40. Wingstop knew the FLSA required it to pay for all hours worked including overtime to Rodriguez and others similarly situated like him.

41. Wingstop nonetheless failed to pay hourly employees, such as Rodriguez, all overtime.

42. Wingstop's failure to pay all overtime hours worked to Rodriguez and others similarly situated was, and is a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

43. Wingstop's illegal pay scheme policies extend beyond Rodriguez.

44. Wingstop paid numerous hourly employees according to the same unlawful scheme.

4

45. Any differences in job duties do not detract from the fact that these hourly employees are similarly situated and were entitled to overtime pay.

46. All others similarly situated impacted by Wingstop's payment scheme should be notified of this action and given the chance to join pursuant to U.S.C. § 216(b).

47. Therefore, the class is properly defined as:

**All hourly employees of Wingstop who were, at any point in the past 3 years, paid "straight time" for any overtime hours worked or NOT PAID for all hours worked.**

## CAUSE OF ACTION

48. Rodriguez, incorporates the preceding paragraphs by reference.

49. By failing to pay Rodriguez and the others similarly situated overtime at one-and-one-half times their regular rates, Wingstop violated the FLSA's overtime provisions.

50. Wingstop owes Rodriguez and the others similarly situated the difference between the rates actually paid, the proper overtime rate for all hours worked in excess of 40, and hours unreported and unpaid.

51. Wingstop's pay scheme and failure to pay overtime hours worked to Rodriguez, and others similarly situated was, and is a willful violation of the FLSA.

52. Wingstop is liable to Rodriguez and the others similarly situated for an amount equal to all unpaid overtime wages, as well as liquidated damages as permitted by the FLSA.

53. Rodriguez, and others similarly situated are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## **JURY DEMAND**

54. Rodriguez, demands a trial by jury.

## **PRAYER**

55. Rodriguez prays for relief as follows:

a) An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Others similarly situated;

b) Judgment awarding Rodriguez, and the Others similarly situated all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c) An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and:

d) All such other and further relief to which Rodriguez and the others similarly situated may show themselves to be justly entitled.

Respectfully submitted,

THE MANOR LAW FIRM P.C.

By: **/s/ Jeralynn Manor**
Jeralynn Manor
SBN: 24032064
S.D. Tex. No. 378163
4504 Caroline Street
Houston, Texas 77004
Telephone: 713-225-2667
Facsimile: 832-778-8112
jmanor@manorlaw.net